■ ALLIED WOODBROOK, INC., Plaintiff, v WOODBROOKE ESTATES CONDOMINIUM SECTION IIB, Defendant and Third-Party Plaintiff-Respondent. CITY OF NEW YORK, Third-Party Defendant-Appellant. [631 NYS2d 432] —In an action to recover

damages for nonpayment of sewage treatment fees, the third-party defendant City of New York appeals from an order of the Supreme Court, Queens County (Rutledge, J.), dated October 1, 1993, which, *inter alia,* denied its motion to dismiss the third-party complaint.

Ordered that the order is reversed, on the law, with costs, the third-party defendant's motion to dismiss the third-party complaint is granted, and the third-party complaint is dismissed.

The defendant third-party plaintiff Woodbrooke Estates Condominium Section IIB (hereinafter Woodbrooke) is a condominium community whose sewage is treated at a plant privately owned and operated by the prime plaintiff, Allied Woodbrook, Inc. (hereinafter Allied), the condominium's original sponsor. Pursuant to Allied's condominium offering plan, Woodbrooke condominium homeowners were required to pay Allied a fee for treating their sewage. Separate from the sewage treatment fee, Woodbrooke was assessed and paid a fee for its use of the New York City Water Board's collection and trunk line sewers.

In the main action, Allied sued Woodbrooke for the latter's nonpayment of its sewage treatment fees from August 1986 continuing up to the present. Woodbrooke in its third-party complaint against the City (and subsequently the Water Board) sought a refund of the sewer rents it had paid the City for the period from August 1986 to July 1, 1992, claiming that the City sewer assessment was for the same services.

We agree with the appellant's contention that the third-party complaint failed to state a cause of action. The fee charged by Allied for sewage treatment is separate from the fee charged by the City, through its Water Board, for use of the sewer system. Further, the City was legally authorized to set and collect sewer fees from all users of the system at one uniform rate, regardless of whether the users utilized the City's treatment facilities *(see, Matter of Niagara Mohawk Power Corp. v Public Serv. Commn.,* 69 NY2d 365, 369; *Matter of Abrams v Public Serv. Commn.,* 67 NY2d 205, 211-212). While the City subsequently reduced the sewer fee to be paid by users of the system who had their sewage privately treated, such fee reduction was prospective only and no refund or credit was required to be paid to such users for prior fees already paid *(see, Matter of Niagara Mohawk Power Corp. v Public Serv. Commn., supra; Matter of Abrams v Public Serv. Commn., supra).* O'Brien, J. P., Joy, Goldstein and Florio, JJ., concur.